UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **INDIO PRODUCTS, INC.,**<br><br>    *Plaintiff*,<br><br>vs.<br><br>**UNI-LITE CANDLES, INC.**<br><br>    *Defendant*. | Civil Action No. 4:18-cv-4790<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Indio Products, Inc. (hereinafter, "Plaintiff" or "Indio"), for its Complaint against Defendant Uni-Lite Candles, Inc. (hereinafter "Defendant" or "Uni-Lite") by and through its undersigned counsel, respectfully states as follows:

### Nature of the Action

1. This is a complaint for copyright infringement, trademark infringement, trade dress infringement and unfair competition against Uni-Lite Candles, Inc.

2. Plaintiff is engaged in the business, *inter alia*, of manufacturing, selling, and distributing candles in the esoteric market. As a leader in the market, Indio has protected its proprietary artwork and designs through copyright and trademark registrations.

3. Recognizing Plaintiff's success and goodwill, and in a brazen and improper attempt to capitalize on that success, Defendant Uni-Lite manufactures, advertises, and/or sells esoteric candles and related items such as sachets, scented oils, and room sprays, which feature exact copies or very close copies of Plaintiff's original artwork, without authorization from Plaintiff.



4. In addition, Defendant currently markets and sells candles and related products which feature Plaintiff's proprietary names, marks, and designs, including federally-registered trademarks.

5. Defendant's conduct is causing, and unless immediately enjoined, will continue to cause irreparable harm to Plaintiff. Defendant cannot continue to exploit Plaintiff's original artistic works and trademarks in order to sell its "look alike" products to the public. Defendant's conduct should be immediately stopped and Plaintiff should be compensated for Defendant's willful acts of copyright and trademark infringement, as well as unfair competition.

**The Parties**

6. Plaintiff Indio is a corporation organized and exiting under California law, with its principal place of business in Commerce, California. Indio manufacturers and sells, among other things, high-quality and distinctive esoteric products including candles and oils.

7. Upon information and belief, Defendant Uni-Lite is a corporation organized and existing under Texas law with its principal place of business at 6812 Avenue J, Houston, Texas 77011-2528.

**Jurisdiction and Venue**

8. This is an action for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §§ 501 *et seq*, and trademark infringement, as well as false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c); and Texas common law.

9. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

10. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 which are integrally interrelated to Plaintiff's federal claims and arise from a common



nucleus of operative facts, such that the determination of the state law claims with the federal claims furthers judicial economy.

11. This Court has personal jurisdiction over the Defendant because, among other reasons, Defendant resides and has done business in this District, and Defendant has committed and continues to commit acts of unfair competition in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391.

### Facts Relevant To All Counts

13. Indio has been developing, manufacturing and selling religious, decorative and esoteric candles for more than twenty-five years. During that time, Indio has made a name for itself and is a well-respected source of various candles and related items such as sachets, scented oils and room sprays.

14. Indio is a pioneer in the esoteric market. Indio manufactures and sells candles with numerous sought-after and popular designs, as well as other related products such as spiritual water, oils, and sachets. Indio has spent substantial amounts of time, money, and effort in developing, producing and marketing its products, and has spent significant time creating and protecting original artwork and designs for its products. Indio's esoteric candles are inherently distinctive and have acquired distinctiveness through substantial sales over decades.

15. Indio owns, *inter alia*, the following copyrights: All Purpose / Para Todo; Break Up / Separar; Casino / Lucky Gambler; Control / Controlling; DUME / Black List / Lista Negra; Spell Breaker / Rompe Conjuros; Success; Chango / Sango; Elegua / Esu; Ochosi; Ogun; Oshun / Osun; Oya; and Yemaya / Yemoj (hereinafter collectively the "Artwork").

16. In addition to its copyrighted designs, Plaintiff has several proprietary marks for its candle products, many of which are federally registered. Plaintiff has used these marks regularly and continuously in commerce to identify its products and to associate those products with Indio



3

and Indio's goodwill and reputation. Consumers have come to look for these marks as a hallmark of Indio quality.

17. Indio owns, *inter alia*, the following registered trademarks: Orishas (U.S. Patent and Trademark Office ("USPTO") Registration No. 2095207); Break Up (USPTO Registration No. 5615693); Oshun (USPTO Registration No. 5615697); and Law Stay Away (USPTO Registration No. 5615696) (collectively, the "Marks").

18. Defendant and/or its agents have been advertising, manufacturing, and selling (and/or causing to be advertised, manufactured, and sold) candles and other products featuring the Artwork and Marks, without Plaintiff's authorization, or designs identical or significantly similar to those owned by Plaintiff. Exhibit A hereto is a true and correct copy of advertising featured on Defendant's website that utilizes Indio's copyrights and trademarks. Exhibit B hereto is a true and correct copy of a printed catalog of Defendant's authorized distributor that utilizes Indio's copyrights and trademarks.

19. Defendant do not have any license, authorization, permission, or consent to use Plaintiff's Artwork or Marks.

## COUNT I
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §§ 101 *et seq* and 501)

20. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

21. Plaintiff has registered and/or applied to register with the United States Copyright Office the Artwork described in Paragraph 15 above. Defendant has deliberately and intentionally copied Plaintiff's Artwork, and in doing so, has infringed Plaintiff's copyright in the Artwork in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501, by selling candles and other products featuring Plaintiff's Artwork, without Plaintiff's consent.



22. Upon information and belief, Defendant sells products bearing designs that are the same or substantially similar to Plaintiff's designs. On many of the designs, Defendant copied the layout, arrangement, and overall look of the designs; on others, Defendant copied almost identically every aspect of each design.

23. Upon information and belief, Defendant has infringed and continues to infringe Indio's Break Up / Separar copyright (VA0001899063/1-6386533855) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

24. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an identical design to Plaintiff's copyrighted design.



| Copyright | Indio | Defendant |
|---|---|---|

25. Upon information and belief, Defendant has infringed and continues to infringe Indio's Control / Controlling copyright (VA0001920926/1-6387793638) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.



26. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



27. Upon information and belief, Defendant has infringed and continues to infringe Indio's DUME / Black List / Lista Negra copyright (VA0001899051/1-6308412271) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

28. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an identical design to Plaintiff's copyrighted design.





29. Upon information and belief, Defendant has infringed and continues to infringe Indio's Spell Breaker / Rompe Conjuros copyright (VA0001923406/1-6308669431) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

30. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.



31. Upon information and belief, Defendant has infringed and continues to infringe Indio's Yemaya / Yemojya copyright (1-6967201006) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's pending registration.

32. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.





33. Upon information and belief, Defendant has infringed and continues to infringe Indio's All Purpose / Para Todo copyright (VA0001923418/1-6088963511) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's registration.

34. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.





8

35. Upon information and belief, Defendant has infringed and continues to infringe Indio's Elegua / Esu copyright (1-6967201042) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's pending registration.

36. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.

| **Copyright** | **Indio** | **Defendant** |
|---|---|---|
| | | |

37. Upon information and belief, Defendant has infringed and continues to infringe Indio's Ochosi copyright (1-6967201114) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's pending registration.

38. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.





39. Upon information and belief, Defendant has infringed and continues to infringe Indio's Ogun copyright (1-6967201150) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's pending registration.

40. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.





41. Upon information and belief, Defendant has infringed and continues to infringe Indio's Oshun / Osun copyright (1-6967200933) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing a substantially similar design to the design covered by Plaintiff's pending registration.

42. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing a substantially similar design to Plaintiff's copyrighted design.

| Copyright | Indio | Defendant |
|---|---|---|

43. Upon information and belief, Defendant has infringed and continues to infringe Indio's Oya copyright (1-6967200970) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's pending registration.

44. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an identical design to Plaintiff's copyrighted design.





45. Upon information and belief, Defendant has infringed and continues to infringe Indio's Chango / Sango copyright (1-6651507532) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's pending registration.

46. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an identical design to Plaintiff's copyrighted design.





12

47. Upon information and belief, Defendant has infringed and continues to infringe Indio's Casino / Lucky Gambler copyright (VA0002129385 ) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

48. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an identical design to Plaintiff's copyrighted design.



49. Upon information and belief, Defendant has infringed and continues to infringe Indio's Success copyright (VA1923407) by, *inter alia*, making, using, importing, offering to sell, or selling in the United States, including within this District, products bearing an identical design to the design covered by Plaintiff's registration.

50. Following is a comparison of Plaintiff's registered copyright image, Plaintiff's product bearing the copyrighted design, and Defendant's product bearing an identical design to Plaintiff's copyrighted design.





51.     Defendant's acts of infringement are willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.  Plaintiff is entitled to statutory damages in the amount of $150,000 for each infringement pursuant to 17 U.S.C. § 504(c).

52.     As a direct and proximate result of said infringement by Defendant, Plaintiff has sustained, and will continue to sustain, damages in an amount to be proven at trial.

53.     Plaintiff is also entitled to actual damages or Defendant's profits attributable to the infringement, pursuant to 17 U.S. C. § 504(b). Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise as according to law.

54.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Artwork. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.



**COUNT II**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114, 1125)**

55. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

56. By virtue of Plaintiff's long and continuous use of its Marks in interstate commerce, the Marks are well-known to consumers of esoteric products and have become famous within the meaning of 15 U.S.C. § 1125(c).

57. Defendant has adopted and continues to use in commerce images identical to or confusingly similar to Plaintiff's Marks, with full knowledge of Plaintiff's superior rights, and with full knowledge that its infringing use of Plaintiff's Marks was intended to cause confusion, mistake, and/or deception. Defendant offers its candle goods under the infringing marks in the same channels of trade as those in which Plaintiff's legitimate goods are offered.

58. Defendant's wrongful use of the Marks in connection with its goods comprises an infringement of Plaintiff's registered trademarks and is likely to cause, and has caused confusion, mistake, or deception as to the affiliation, connection, or association of the goods with Plaintiff, in violation of 15 U.S.C. §1114 and/or 15 U.S.C. § 1125.

59. Defendant's actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered Marks. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

60. As a direct and proximate result of said infringement by Defendant, Plaintiff has sustained, and will continue to sustain, damages in an amount to be proven at trial.

61. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained, and will continue to sustain, substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that



unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## COUNT III
## UNFAIR COMPETITION AND INFRINGEMENT UNDER LANHAM ACT § 43(a)
## (15 U.S.C. § 1125)

62. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

63. For decades, Plaintiff has regularly used the trademarks and/or trade dress in commerce, to identify its products and to associate those products with Plaintiff and Plaintiff's goodwill. Plaintiff's trade dress is inherently distinctive and includes the unique and non-functional use and orientation of the words and design elements. Indio's advertising and sales for more than a decade, and in some instances more than two decades, of the esoteric products at issue have furthermore developed acquired distinctiveness for the marks and trade dress as consumers look for these marks and trade dress and associate them to Indio. The copying conducted by Defendant further demonstrates the secondary meaning associated with the candle products at issue.

64. Defendant's use of Plaintiff's Marks and trade dress to promote, market, or sell their goods in direct competition with Plaintiff's products constitutes trademark and trade dress infringement and unfair competition pursuant to 15 U.S.C. §1125(a). Defendant's use of Plaintiff's Marks and trade dress is likely to cause confusion, mistake, and deception among customers.

65. Defendant had direct and full knowledge of Plaintiff's prior use of and rights in its Marks and trade dress before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).



66. As a direct and proximate result of said acts by Defendant, Plaintiff has sustained, and will continue to sustain, damages in an amount to be proven at trial.

67. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to engage in unfair competition by infringing Plaintiff's Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

68. Upon information and belief, the acts of infringement and unfair competition by Defendant harmed Plaintiff and resulted in substantial unjust profits and unjust enrichment to Defendant.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

69. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

70. Defendant's actions and conduct constitute trademark and/or trade dress infringement in violation of federal and Texas common law. Defendant has marketed, promoted, distributed, offered for sale, and sold products using marks identical or confusingly similar to Indio's Marks and/or trade dress that consumers have come to associate with Indio's products. As a result of Defendant's unauthorized use of confusingly similar marks and/or trade dress, the public is likely to believe that Defendant's products have been manufactured, approved by, or affiliated with Indio.

71. Defendant's unauthorized use of a confusingly similar marks and/or trade dress falsely represents its products as emanating from or being authorized by Indio. Defendant's



17

unauthorized activities undermine Indio's goodwill and negatively impact Indio's ability to develop and promote its products and to have its products associated exclusively with Indio.

72. As a result of such infringement, Indio has suffered, and will continue to suffer, substantial damages. Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products. Indio is entitled to recover damages, including any and all profits Defendant has made as a result of its wrongful conduct.

### COUNT V
### TRADEMARK DILUTION

73. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the paragraphs above.

74. Defendant's acts constitute infringement and unfair competition under 15 U.S.C. § 1125(a), Tex. Bus. & Com. Code § 16.103, as well as Texas common law. Because of Defendant's infringement and unfair competition selling inferior candles, Plaintiff suffered and will continue to suffer irreparable injury and damage in an amount yet to be determined.

75. Upon information and belief, the acts of infringement by Defendant harmed Plaintiff and resulted in substantial unjust profits and unjust enrichment to Defendant in an amount yet to be determined.



## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Indio Products, Inc. prays for relief against Defendant Uni-Lite Candles, Inc. as follows:

A. Judgment in favor of Plaintiff and against Defendant on all counts;

B. For a preliminary and permanent injunction enjoining Defendant and its respective officers, agents, employees, shareholders, directors, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights, trademarks, and/or other exclusive rights, and (b) causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiff's respective copyrights, trademarks, and/or other exclusive rights;

C. Requiring Defendant, pursuant to the Lanham Act, to deliver to Plaintiff or destroy its entire inventory of infringing products infringing the Artwork and Marks;

D. An award of maximum statutory damages in the amount of $150,000 per work infringed under 17 U.S.C. § 504(c), and/or alternatively, Plaintiff's actual damages and the profits of Defendant that are attributable to the violations alleged herein pursuant to 17 U.S.C. § 504(b);

E. An award of Plaintiff's damages trebled plus the costs and attorneys' fees under 17 U.S.C. §§ 505 and 1117(a) and applicable state law;

F. A determination that this case is "exceptional," under 15 U.S.C. § 1117(a);

G. An award of damages adequate to compensate Plaintiff for the actionable conduct of the Defendant, including, subject to the principles of equity, recovery by Plaintiff of (1) Defendant's profits, (2) any damages sustained by Plaintiff, and (3) the costs and disbursements of this action;



19

H.      For an award of interest, including pre-judgment interest, on the foregoing sums; and

I.      A grant of such other, different, and additional relief the Court may deem equitable and proper.

### Jury Demand

Pursuant to Fed. R. Civ. P. 38(B) and 5(d), Indio demands a jury trial of all issues triable by jury.

Dated: December 20, 2018

Respectfully submitted,

By:   /s/ Abby L. Parsons
Abby L. Parsons
Attorney In Charge[+]
Texas Bar No. 24094303
S.D. Tex. Fed. ID No. 2618689
**KING & SPALDING LLP**
1100 Louisiana Street, Ste. 4000
Houston, Texas 77002
Tel: (713) 751-3200
Fax: (713) 751-3290
aparsons@kslaw.com

*Of Counsel:*

Linda D. Mettes*
Anita C. Marinelli*
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400
Fax: (248) 358-3351
lmettes@brookskushman.com
amarinelli@brookskushman.com

*Attorneys for Plaintiff Indio Products, Inc.*

\* Application for admission *pro hac vice* pending

[+] Ms. Mettes is seeking the Court's permission to appear as the Attorney in Charge in her *pro hac vice* application

